UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AKBAR AMIN-AKBARI, | § | |
|                Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. A-13-CV-472-LY |
| | § | |
| THE CITY OF AUSTIN, TEXAS, and | § | |
| MICHAEL BARGER, HENRY AGUILAR, | § | |
| RICHARD BOZELLI, and | § | |
| PHILLIP KELLY, in their individual | § | |
| capacities, | § | |
|                Defendants. | § | |

**PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY**

Plaintiff Akbar Amin-Akbari respectfully asks the Court to exclude portions of the proposed testimony of Defendants' expert, Albert Rodriguez, under Federal Rule of Evidence 702 because (1) Mr. Rodriguez's testimony includes non-expert opinions weighing evidence and evaluating the credibility of Mr. Amin-Akbari and other witnesses, determinations which are the purview of the trier of fact, and (2) in as much as Mr. Rodriguez's testimony serves as a rebuttal to the report of Plaintiff's expert, Roger Clark, Defendants did not submit the rebuttal designation and report within the time frame required by the Scheduling Order for this case. In support of this motion, Mr. Amin-Akbari would show as follows:

STATEMENT OF THE CASE

Mr. Amin-Akbari filed suit against Defendants under 42 U.S.C. §1983, alleging that they violated his Fourth and Fourteenth Amendment rights to be free from state-created danger, unreasonable seizure, and deprivation of liberty and property without due process of law when the Defendant police officers commandeered his taxi cab to transport a violent, dangerous man who then attacked him. Furthermore, Mr. Amin-Akbari claims that APD's policy, practice, and custom of commandeering taxi cabs to transport intoxicated persons is unconstitutional and resulted in the injuries he suffered.

On April 7, 2014, Defendants filed their Designation of Potential Witnesses, Testifying Experts, and List of Proposed Exhibits, Doc. No. 42, designating one testifying expert, Albert Rodriguez, Director of Training of the Texas Alcoholic Beverage Commission. His written report, produced to Mr. Amin-Akbari along with the designation, is attached as Exhibit 1. The report is accompanied by a Motion for Leave to File a Sealed Document, as it contains large excerpts from documents that have been marked "Confidential" under the protective order in effect in this case.

Mr. Rodriguez states that he is customarily retained to "evaluate the propriety of police conduct on a case-by-case basis from the standard of how law enforcement officers are trained." Exhibit 1, Rodriguez Report, ¶21. He spends a large section of the report, however, opining on matters beyond his stated expertise, improperly weighing evidence and evaluating the credibility of Mr. Amin-Akbari and other witnesses.

## ARGUMENT

I. Mr. Rodriguez's Report Improperly Includes Non-expert Opinions Weighing Limited Evidence and Evaluating the Credibility of Witnesses

A trial court should exclude the testimony of an expert if it is not reliable. Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993). An expert may only testify if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has applied the principle and methods reliably to the facts of the case. Fed. R. Evid. 702. When considering the reliability of expert testimony, for experts in both scientific and non-scientific fields, trial courts ordinarily apply four factors: (1) whether the theory or technique can or has been tested; (2) whether it has been subjected to peer review or publication; (3) whether

2

there is a known or potential rate of error; and (4) whether the theory or technique is generally accepted in the relevant field. *Kumho Tire Co*., 526 U.S. at 149-150; *Daubert*, 509 U.S. at 592-593. These factors, articulated in *Daubert* and *Kumho*, provide a non-exhaustive list for determining the reliability of expert witness testimony.

Expert testimony aids the triers of fact to draw reasonable conclusions by connecting "observations to conclusions through the use of what Judge Learned Hand called general truths derived from ... specialized experience." *Kumho Tire Co.,* 526 U.S. at 148 (internal quotation omitted). The crux of expert testimony, as compared to the testimony of lay witnesses, is that "the expert's testimony often will rest upon an experience confessedly foreign in kind to [the jury's] own." *See id.* (internal quotation omitted).

According to his report, Mr. Rodriguez's expertise is grounded in his training and experience as a law enforcement officer. He states, "My education, training, and experience provides me with technical, professional, and other specialized knowledge that will assist a lay person in understanding *how law enforcement officers are trained and why they are trained as they are*." Rodriguez Report, ¶6 (emphasis added). However, Mr. Rodriguez spends a substantial portion of his report drawing conclusions about the evidence that are not specific to the training of law enforcement officers.

In paragraphs 46 to 50 of his report, Mr. Rodriguez provides non-expert opinions regarding the credibility of Mr. Amin-Akbari's account of the events giving rise to the lawsuit based on a selective review of limited evidence. For example, in paragraph 49 Mr. Rodriguez states,

> Akbari in his First Amended complaint alleges that Sergeant Barger, Officers Aguilar, Bozelli, and Corporal Kelly *"Commandeered"* his taxi cab, *"Ordered"* him to drive Rowden home, he told the officers that he *"would not take Rowden in his cab,"* and that he *"desperately attempted to refuse"* taking Rowden in his cab. As previously indicated, Akbari's statement and the reports of Officer Craig Smith, Ms. Louis of the Rio Grande Counseling Center, and Sergeant Barger do

> not support that aforementioned allegation. All these documents show that Akbari expressed to various individuals that Defendant Officers requested that he take Rowden home.

Rodriguez Report, ¶49 (emphasis in original). This testimony provides a credibility determination that is *not* predicated on police practices or training procedures, Mr. Rodriguez's identified expertise. Moreover, the credibility determination is dubiously based on information omitted from various written statements of other witnesses. Accordingly, it is not specific to Mr. Rodriguez's stated expertise and does not aid the trier of fact in understanding an issue or fact, as required by Fed. R. Evid. 702(a).

In paragraphs 51, 54, 56, and 60, Mr. Rodriguez erroneously claims that differences and omissions in the written statements of various witnesses are indicative of inconsistencies in Mr. Amin-Akbari's account of the incident. For example, in paragraph 51, he states,

> "One might say that Sergeant Barger's recorded information is self-serving; however, it is paramount to examine the Rio Grande Counseling Report prepared by Ms. Diana Garza Louis and the other statement. It is also important to note that Akbari provided one (1) Rio Grande Counseling report even though said report indicates that Akbari has been seen at that particular location approximately ten (10) times. In addition, all of the Defendant Officers provided declarations and they state that they have never forced a taxi cab driver to give anyone a ride."

Rodriguez Report, ¶51. Mr. Rodriguez provides no basis for his insinuation that Ms. Garza Louis should have written more than one letter regarding her treatment of Mr. Amin-Akbari because she had seen him ten times, much less one grounded in law enforcement expertise. Mr. Rodriguez has no expertise as a counselor, yet he offers offers an opinion regarding the number of reports she should have written based the number of visits she had with Mr. Amin-Akbari.

In paragraphs 52-53, Mr. Rodriguez evaluates the credibility of cab driver witnesses Bill Moss and Nourredine Chiat, again without reference to his law enforcement knowledge. He also wrongly finds it significant that Mr. Moss and Mr. Chiat make no allegation of the Defendant officers violating their rights, when their statements were produced only to show that the actions

4

of the officers are not isolated, but rather reflect a custom or practice of the police department to order cab drivers to give rides to intoxicated passengers.

In paragraph 57, Mr. Rodriguez again uses no law enforcement expertise, and claims no expertise as a taxi driver, in drawing the conclusion that Mr. Amin-Akbari, a civilian taxi driver, should have stopped carrying out the order the officers had given him, exited his taxi cab, and called the police. In paragraphs 58-60, Mr. Rodriguez provides his opinion on the credibility of Mr. Amin-Akbari's testimony at the criminal trial of Dustin Rowden, the man who attacked him. Such a determination should be the purview of the jury, who will have the opportunity to hear Mr. Amin-Akbari's testimony at the trial of this case.

Mr. Rodriguez's testimony in paragraphs 46-54 and 56-60 is unreliable and should be excluded pursuant to Fed. R. Evid. 702, as he provides no specialized analysis or basis for his opinions. "A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness." *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) (citation omitted). Mr. Rodriguez should not be permitted to offer these unsupported opinions.

II. Defendants Failed to Timely Designate Mr. Rodriguez as a Rebuttal Expert

In paragraphs 26 and 27, Mr. Rodriguez provides a direct rebuttal of Mr. Clark's report without having been properly designated as a rebuttal expert. In paragraph 27, Mr. Rodriguez states that "Mr. Clark's report and opinions are in total contradiction to the objective standard that is utilized by law enforcement professionals when evaluating law enforcement procedures. Rodriguez Report, ¶ 26-27. The scheduling order for this case specifies, "All designations of rebuttal experts shall be filed and served on all other parties not later than 14 days of receipt of the report of the opposing expert, and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be served, but not

filed, on all other parties no later than 14 days of receipt of the report of the opposing expert." Doc. 34, ¶2.

On February 28, 2014, Plaintiff provided Defendants with Mr. Clark's expert report in accordance with Federal Rule of Civil Procedure 26. However, Defendants submitted neither the designation of Mr. Rodriguez as a rebuttal expert nor Mr. Rodriguez's report within 14 days of the receipt of Mr. Clark's report. Therefore, the rebuttal testimony in paragraphs 26 and 27 should be excluded.

## CONCLUSION

Mr. Amin-Akbari respectfully requests that the Court exclude the testimony of Defendants' expert, Albert Rodriguez, described in paragraphs 26-27, 46-54, and 56-60 of his report because his testimony includes non-expert opinions that are the purview of the trier of fact and Defendants failed to designate Mr. Rodriguez as a rebuttal expert within the time frame required by the scheduling order.

Dated: April 21, 2014

Respectfully submitted,

/s/ Abigail Frank
Abigail Frank
State Bar No. 24069732
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741-3438
(512) 474-5073 (phone)
(512) 474-0726 (fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Western District of Texas on April 21, 2014.

/s/ Abigail Frank
Abigail Frank

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Jaclyn Gerban, counsel for Defendant City of Austin, and she opposes this motion.

/s/ Abigail Frank
Abigail Frank